UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



SHERYL DENISE KELLUM

    Plaintiff,

v.

ISLE OF WIGHT COUNTY, VIRGINIA,
and GERALD H. GWALTNEY,
Individually and in his
Official Capacity,

    Defendants.

ACTION NO. 2:18cv543

## MEMORANDUM FINAL ORDER

This matter comes before the court on the Motions for Summary Judgment and briefs in support filed by Defendants Isle of Wight County and Gerald H. Gwaltney on August 15, 2019, and August 16, 2019. ECF Nos. 23, 24, 25, 26.

### I. Procedural History

The Plaintiff filed her Complaint in this court on October 8, 2018. ECF No. 1. On May 15, 2019, the Plaintiff filed an Amended Complaint. ECF No. 17. Count I of the Amended Complaint alleged that the Defendants violated the Plaintiff's First Amendment free speech rights; Counts II and III alleged that the Defendants terminated the Plaintiff's employment in violation of the Americans with Disabilities Act of 1990 ("ADA"); Counts IV and V alleged that the Defendants retaliated against the Plaintiff in

violation of the ADA; and Count VI alleged that the Defendants denied the Plaintiff her rights to procedural due process when they terminated her, in violation of the Fourteenth Amendment of the United States Constitution. Id. Defendant Isle of Wight County ("the County") filed an Answer on May 17, 2019, and Defendant Gwaltney filed an Answer on May 21, 2019. ECF Nos. 18, 19. The Defendants filed their Motions for Summary Judgment on August 15, 2019, and August 16, 2019, seeking dismissal of all counts of the Amended Complaint. ECF Nos. 23, 25. The Plaintiff filed a Memorandum in Opposition on August 31, 2019. ECF No. 30. In her Memorandum in Opposition, the Plaintiff did not object to dismissal of her First Amendment claim in Count I. Id. at 3. Defendant Gwaltney replied on September 5, 2019, and Defendant Isle of Wight County replied on September 6, 2019. ECF Nos. 34, 35.

On September 12, 2019, this court referred the Motions for Summary Judgment to United States Magistrate Judge Lawrence R. Leonard, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motions for Summary Judgment. ECF No. 36.

Judge Leonard filed the Report and Recommendation ("R&R") on February 13, 2020. ECF No. 39. The R&R recommended that the Motions

for Summary Judgment be granted and that the Amended Complaint be dismissed with prejudice. The parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen (14) days from the date of the mailing of the R&R to the objecting party. Id. at 35. Defendant Gwaltney filed Objections on February 26, 2020. ECF No. 40. The Plaintiff filed Objections on February 27, 2020. ECF No. 41. The County filed a Response to the Objections on March 8, 2020. ECF No. 42. Gwaltney and the Plaintiff filed Responses to the Objections on March 11, 2020. ECF Nos. 43, 44.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the parties have specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

**II. Plaintiff's Objections on the ADA Claims (Counts II-V)**

The R&R found that neither the County nor Gwaltney could be liable for termination or retaliation under the ADA, because the Plaintiff was employed by Gwaltney, not the County; the County and Gwaltney did not jointly employ the Plaintiff; and Gwaltney cannot be solely liable under the ADA because he employs fewer than fifteen employees. R&R at 11-19. The R&R further found that, even

3

if Gwaltney and the County could be liable under the ADA, the Plaintiff's ADA claims failed on the merits. R&R at 31. The Plaintiff objects to each of these conclusions, except that Gwaltney was not an employer of fifteen or more employees.

For the reasons stated below, the court agrees with the R&R with respect to the Defendants' liability under the ADA, and finds as a matter of law that neither the County nor Gwaltney can be liable to the Plaintiff for her termination under the ADA. Because her ADA claims fail before reaching the merits, the Plaintiff's objections to the R&R's analysis of the merits of those claims are moot.

### A. Objection to Finding that the Plaintiff Was Not Employed by the County

The Plaintiff first objects to the R&R's finding that the County is not liable to the Plaintiff under the ADA, because the Plaintiff was employed by Gwaltney, not the County.

The ADA forbids discrimination by a "covered entity," and defines that term to include the individual's employer. 42 U.S.C. §§ 12112, 12111. The question of whether the Plaintiff was employed by Gwaltney or the County is an important one, because Gwaltney does not qualify as an "employer" for purposes of the ADA.[1] The

---

[1] To be liable under the ADA, an employer must have fifteen or more employees. 42 U.S.C. § 12111(5). The Commissioner of Revenue's office had ten employees. Gwaltney Dep. at 84, ECF No. 26-1.

4

law is similarly clear that employees of a constitutional officer, such as Gwaltney, are employed by that officer and not by the county or city in which they work. See VA. CONST., art. VII, § 4 (listing "commissioner of revenue" as a constitutional officer); VA. CODE. § 15.2-1603 (providing for the appointment and removal of deputies by the constitutional officer); Jenkins v. Weatherholtz, 909 F.2d 105, 107 (4th Cir. 1990) ("The Virginia Code makes deputies employees of the [constitutional officer], not employees of the local governing body . . . ."). As a result, if the Plaintiff was an employee of Gwaltney, then her ADA claims fail as a matter of law.

The R&R found, and the Plaintiff does not dispute, that Gwaltney is a "constitutional officer" by virtue of his position as the elected Commissioner of Revenue for the County, and thus he is not an employee of the County. R&R at 13. The R&R also found, and the Plaintiff likewise does not dispute, that Gwaltney's office employed fewer than fifteen employees. Id. at 15 n.4. Since the Plaintiff was one of Gwaltney's deputies and Gwaltney was the individual who terminated her employment, the R&R reasoned, her employer for ADA purposes was Gwaltney, not the County. Id. at 14.

The Plaintiff objects, claiming that her "actual employer" was the County, not Gwaltney, and she points to several facts that illustrate a "master-servant" relationship between her and the County under agency law principles. Pl. Obj. at 6. For example,

the County had final approval power over the Plaintiff's application for employment; she was paid, in part, out of County funds; and the County produced various documents concerning her employment, including tax forms and personnel policy manuals. Id. at 6-7. Even if so, as discussed below, these facts do not support the Plaintiff's claim that the County was her employer.

As the Plaintiff recognizes, the "touchstone" of the ADA's employer inquiry is which entity exercised control over the employee and her work. Pl. Obj. at 6; see Clackamas Gastroenterology Assocs., P. C. v. Wells, 538 U.S. 440, 449 (2003). Although the evidence does show that Gwaltney outsourced human resources, payroll, and other functions to the County, the fact that the County handled these back-office administrative processes does not mean that it was the Plaintiff's employer. The Plaintiff's Objection does not point to any evidence that the County exercised control over her day-to-day work. Rather, the undisputed evidence shows that the Plaintiff's daily work occurred within the Commissioner of Revenue's Office. See Kellum Dep. at 24, ECF No. 26-3 (stating that she went to work at the Commissioner of Revenue's Office). Significantly, the evidence on the alleged retaliatory act at issue in this case, the Plaintiff's termination, points decisively in the direction of Gwaltney as her employer. See Gwaltney Dep. at 93 ("I terminated [the Plaintiff]"). This result accords with Virginia law, as the Supreme Court of Virginia

has found that deputies of other constitutional officers are employees of the officer, and not the local county. See Roop v. Whitt, 289 Va. 274, 280 (2015). Accordingly, the court **OVERRULES** the Plaintiff's objection on this issue and finds that the Plaintiff was not a County employee for purposes of the ADA.

In sum, under the applicable law and the undisputed facts set forth above, the Plaintiff was an employee of Gwaltney as Commissioner of Revenue, not the County. Because Gwaltney, as Commissioner of Revenue, was not an employer under the ADA,[2] the Plaintiff's ADA claims fail as a matter of law, unless she was jointly employed by the County.

### B. Objection to Finding that Gwaltney and the County Were Not Joint Employers

The Plaintiff next objects to the R&R's conclusion that the County and Gwaltney were not her joint employers. Pl. Obj. at 8. Under the joint employer doctrine, two different entities can be liable under a statute such as the ADA if they "share or co-determine those matters governing the essential terms and conditions of employment." Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 408 (4th Cir. 2015) (quoting Bristol v. Bd. of Cty. Comm'rs, 312 F.3d 1213, 1218 (10th Cir. 2002)). The Fourth Circuit has identified nine factors for courts to use in making this determination. Butler, 793 F.3d at 414.

---

[2] See supra note 1.

The R&R concluded that the joint employer doctrine did not apply, because the Butler factors, taken together, did not show that the County and Gwaltney were joint employers.[3] Of the nine Butler factors, the R&R found that there was no evidence for the Plaintiff's position on any of the three most important factors. R&R at 16-18 & n.9. In her Objection, the Plaintiff asserts that there are sufficient facts in the record to support a finding that the County and Gwaltney were joint employers of the Plaintiff, and that the R&R erroneously considered each of the relevant factors "in seclusion, rather than under the totality of the circumstances." Pl. Obj. at 8. The Plaintiff otherwise relies on the facts and arguments raised in her Memorandum in Opposition, which was previously considered by the Magistrate Judge. Id.

Contrary to the assertions of the Plaintiff, the R&R did not consider the Butler factors "in seclusion." Pl. Obj. at 8. While the R&R did consider each factor one at a time, it did so to show the lack of evidence in favor of the Plaintiff's position on each point. This court agrees with the R&R's evaluation of the Butler factors and with its assessment of the Plaintiff's pre-R&R briefing. Given the scant evidence supporting the Plaintiff's

---

[3] The R&R also cited to other courts in this Circuit that have held that the joint employer doctrine does not apply in cases where the plaintiff is employed by a constitutional officer. R&R at 15 (citing, e.g., Leuenberger v. Spicer, No. 5:15cv36, 2016 U.S. Dist. LEXIS 10074 at *36 (W.D. Va. Jan. 28, 2016)).

position on most of the Butler factors, and since the only record evidence on the most important factors points towards the Defendants' position, not the Plaintiff's, a reasonable jury could not find that these factors in their totality established that Gwaltney and the County were joint employers. Accordingly, the court **OVERRULES** the Plaintiff's objection on this point. Having found that the Plaintiff was employed by Gwaltney, who is not an employer under the ADA, and that the Plaintiff was not jointly employed by the County, the court finds that the ADA claims in Counts II-V fail as a matter of law.

### C. Objection to Conclusion that the Plaintiff's ADA Claim Fails on the Merits

The Plaintiff also objects to the R&R's finding that, even if the County and Gwaltney could be considered joint employers for liability purposes, they would still be entitled to summary judgment on the merits of the ADA termination and retaliation claims. R&R at 19. For the reasons previously stated, the court concludes that the Plaintiff's ADA claims against the Defendants should be dismissed as a matter of law without reaching the merits of the claims. Accordingly, the court **OVERRULES AS MOOT** the Plaintiff's objections concerning the merits of her ADA claim

### II. Plaintiff's Objections on the Due Process Claim (Count VI)

The Plaintiff's final objection is to the R&R's finding that her procedural due process rights were not violated when Gwaltney

fired her. Pl. Obj. at 20. Generally, a public employee has a property interest in her continued employment, if state law or her employment contract creates such an interest. See Bishop v. Wood, 426 U.S. 341, 344 (1976). As the R&R points out, Virginia statutes and governing case law are clear that employees of Virginia constitutional officers are at-will employees with no protectible property interest in their continued employment. R&R at 33; see VA. CODE. § 15.2-1603 ("[a]ny such deputy may be removed from office by his principal"); Jenkins v. Weatherholtz, 909 F.2d 105, 107 (4th Cir. 1990) (finding that sheriff's deputies do not have a protectible property interest in their employment).

The Plaintiff points to evidence that, even if there was no statutory property interest in her continued employment, perhaps there was a contractual one. In particular, she states that a "Memorandum of Agreement" signed by Gwaltney places all employees of the Office of the Commissioner of Revenue on the County pay plan, which she argues entitled employees like her to the County's personnel policies. ECF No. 30-6. However, the Memorandum of Agreement specifically exempts the Office from the grievance and disciplinary sections of the County policy manual. Id. In addition, the evidence includes a form signed by the Plaintiff that acknowledges she was an employee at will. ECF No. 26-7. Contrary to the Plaintiff's objection, the law and the evidence show that she had neither a statutory nor a contractual property interest in

10

her continued employment. Accordingly, the court **OVERRULES** the Plaintiff's objection on the procedural due process issue.

### III. Defendant Gwaltney's Objections

Gwaltney objects to two aspects of the R&R. First, he objects to the conclusion that the Plaintiff successfully established her prima facie case of retaliation under the ADA. Gwaltney Obj. at 1, ECF No. 40. Second, Gwaltney objects to the R&R's statement that it was "undisputed" that he told the Plaintiff he was opting out of the County personnel policy in order to fire the Plaintiff. Gwaltney Obj. at 4. Because these objections concern the merits of the Plaintiff's ADA claims, and the court has already concluded that the Plaintiff's ADA claims are barred as a matter of law without reaching their merits, the court **OVERRULES AS MOOT** Gwaltney's objections to the R&R.

### IV. Conclusion

Having reviewed the record in its entirety and the Objections to the R&R, and having made de novo determinations with respect thereto, the court hereby **OVERRULES** the Plaintiff's Objections to the R&R and Defendant Gwaltney's Objections to the R&R. Specifically, in regard to Counts II-V, the court overrules the Plaintiff's objections to the R&R's findings that the Plaintiff was employed by Gwaltney and that the County was not her joint employer. Because the Plaintiff was not employed by the County, and because Gwaltney is not an employer under the ADA, the court

dismisses the Plaintiff's ADA claims against both Defendants. As a result, the Plaintiff's remaining objections to the R&R's finding on the merits of her ADA claims, as well as Defendant Gwaltney's objections to the R&R, are overruled as moot. The court also overrules the Plaintiff's objection regarding her procedural due process claim in Count VI. Further, the Plaintiff agreed to dismissal of her First Amendment claim in Count I, and the court **ADOPTS AND APPROVES IN FULL** the findings and recommendations in the R&R as set forth in Sections IV.1, IV.2, and IV.4[4] of the R&R. Accordingly, the court **GRANTS** the Defendants' Motions for Summary Judgment, and **DISMISSES** the Amended Complaint with prejudice.

The Clerk is **DIRECTED** to enter judgment for the Defendants and to send a copy of this Memorandum Final Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

March 19, 2020

---

[4] While the R&R's discussion of the Plaintiff's claim in Count VI, found on pages 32-34 of the R&R, is not numbered, sequentially that section should be IV.4.